IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YENMA PRENDERGAST, ) | |
| ) | 1:17-cv-02282 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CREDENCE RESOURCE MANAGEMENT, LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the plaintiff, YENMA PRENDERGAST, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, CREDENCE RESOURCE MANAGEMENT, LLC, the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. YENMA PRENDERGAST, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chicago, County of Cook, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to AT&T (hereinafter, "the Debt").

6. The Debt was for telephone communication services, which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. CREDENCE RESOURCE MANAGEMENT, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant's principal place of business is located in the State of Texas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    <u>ALLEGATIONS</u>

14. On or about January 30, 2017, due to ineffective service, Plaintiff cancelled her account with AT&T.

15. On or about January 30, 2017, AT&T sent Plaintiff her final bill.

16. The January 30, 2017 communication from AT&T contained Plaintiff's final bill with all remaining outstanding charges.

17. The January 30, 2017 communication from AT&T stated that the unpaid balance on the account was $245.73, and stated that the "total amount due" was $245.73.

18. On or about February 21, 2017, Defendant sent correspondence to Plaintiff in an effort to collect the Debt.

19. The aforesaid correspondence was the initial communication with Plaintiff.

20. The aforesaid correspondence stated that the "Account Balance" was $777.75.

21. Defendant's representations, in its correspondence to Plaintiff dated February 21, 2017, as delineated above, were false, deceptive and misleading given that the balance owed just three weeks prior was only $245.73.

22. Defendant's representations, in its correspondence to Plaintiff dated February 21, 2017, as delineated above, misrepresented the character, amount, and/or legal status of the Debt given that even if Plaintiff were to pay a collection fee, no collection fee owed can amount to $532.02, or a 216% collection fee.

23. Defendant's attempts to collect $777.75 for a bill that was actually only $245.73 was a deceptive, unfair and unconscionable collection tactic.

24. In its attempts to collect the debt allegedly owed by Plaintiff to AT&T, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    d. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    e. Collected funds from Plaintiff despite having no lawful authority to do so in violation of 15 U.S.C. §1692f(1);

    f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

25. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

26. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, YENMA PRENDERGAST, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

                                            Respectfully submitted,
                                            **YENMA PRENDERGAST**

                            By:   s/ Larry P. Smith
                                   Attorney for Plaintiff

Dated: March 24, 2017

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 324-3532
Facsimile:   (888) 418-1277
E-Mail:   lsmith@smithmarco.com